### BLACK v. HOWARD.

5-1816                                    322 S. W. 2d 459

Opinion delivered March 30, 1959.

Richard W. Hobbs, for appellant.

Sam Montgomery, for appellee.

PAUL WARD, Associate Justice. This litigation is over the divided custody of a child.

Appellant and appellee began living together in Tennessee about the middle of January, 1954, and continued to do so, without the benefit of any regular marriage ceremony, until October, 1956. In May of 1955, they left Tennessee and moved to Houston, Texas, where a child, named Harriett Darlene Howard, was born to them about the 15th of June of that year. A few days later they moved to Little Rock where they lived together until October, 1956, when appellant left appellee and married Aaron Black that same month.

On November 2, 1956, appellee filed an action in the Chancery Court of Pulaski County to obtain custody of Harriett Darlene. An answer was filed by appellant, and after hearing oral testimony (not brought forward in the record) the court rendered a decree on November 28, 1956. In this decree the court found: the parties

were not lawfully married to each other but Hariett Darlene is a legitimate child; the father of the child is obligated to support it, and is entitled to rights of visitation and companionship, and; it would be to the best interest of the child for the mother to have custody for nine months and the father to have custody for three months of each year. No appeal was taken from the above decree by either side.

In December, 1957, appellee filed a motion asking for a change in custody of the child and that he be given permanent and complete custody, and thereafter appellant filed a motion to amend the original decree of November 28, 1956, so as to deprive appellee of all rights of visitation and partial custody. After hearing oral testimony, the court, on September 5, 1958, dismissed both motions and ordered the original decree to remain in full force and effect, except that appellant's custody of the child should begin on the first of September instead of on the first of March of each calendar year.

Appellant has appealed from the above order.

As stated before, appellant did not appeal from the original decree, made November 28, 1956, fixing custody of the child. On the second hearing more than a year later it was not insisted by appellant that a change in custody was justified by a change in circumstances.

The only ground relied on here is that the trial judge misconstrued the law in rendering the original decree. If this were true, appellant's only remedy was by appeal and none was taken. It is not contended that the court, at the first hearing, did not have jurisdiction of the parties and the subject matter, and the original decree must stand.

Affirmed.